**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000773
05-DEC-2014
08:46 AM**

NO. CAAP-11-0000773

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

BARBARA ELLEN SHERRILL, Petitioner-Appellant
v.
ESTATE OF THOMAS MICHAEL PICO, JR.,
also known as, THOMAS M. PICO, JR., Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(P. NO. 10-1-0254 (Formal))

MEMORANDUM OPINION
(By: Nakamura, Chief Judge, and Leonard and Ginoza, JJ.)

Petitioner-Appellant Barbara Ellen Sherrill (Sherrill), appearing *pro se*, appeals from the "Order Denying Request for Hearing Re: Petitioner's Claims, Daughter's as Beneficiary's, Objection to Filing of Will, and Notification of an Interest in Decedent's Mother's Current Estate" (Order Denying Request for Hearing) issued by the Circuit Court of the First Circuit sitting in Probate (Probate Court)[1] on September 21, 2011.

---

[1]     The Honorable Derrick H.M. Chan presided.

As explained in greater detail below, our review of Sherrill's appeal is limited to addressing appealable issues arising out of the Order Denying Request for Hearing that Sherrill has standing to raise as a creditor of the estate. We conclude that the only portion of the Order Denying Request for Hearing that is appealable is the portion that denied Sherrill's request for relief from the probate judgment. We affirm that portion of the Order Denying Request for Hearing.

BACKGROUND FACTS

I.   Intestacy Proceedings

Thomas Michael Pico, Jr. (Decedent), died on May 19, 2009. He was survived by six children, three adult daughters and three sons. Sherrill is the mother of Decedent's three adult daughters, and Appellee Personal Representative Mary K. Zanakis-Pico (Zanakis-Pico) is the surviving spouse of Decedent. Sherrill and Decedent were never married.

On May 19, 2010, Sherrill filed a "Request to be Appointed Special Administrator" in the Probate Court, requesting her appointment as special administrator in order to protect the interests of her daughters as well as her own interests. Sherrill subsequently sent a letter to the Probate Court requesting a telephonic hearing, which was denied.

On August 17, 2010, Zanakis-Pico filed a "Petition for Adjudication of Intestacy and Appointment of Personal Representative" (Petition for Adjudication of Intestacy), seeking a formal determination of intestacy and to be appointed as personal representative of Decedent's estate.

On August 30, 2010, Zanakis-Pico filed an objection to Sherrill's request to be appointed special administrator. On September 1, 2010, Sherrill filed an objection to Zanakis-Pico's request to be appointed personal representative. On that same date, Sherrill also filed a "Request for Change of Judge," asserting that she was "told by the Supreme Court that there are judges who will allow a telephonic hearing."

2

A hearing on Zanakis-Pico's Petition for Adjudication of Intestacy and Sherrill's Request to be Appointed Special Administrator was held on November 4, 2010. Sherrill, a resident of the State of Arizona, was not present at the hearing. At the hearing, the Probate Court orally granted Zanakis-Pico's Petition for Adjudication of Intestacy and appointed Zanakis-Pico as personal representative of the estate. The Probate Court also orally denied Sherrill's Request to be Appointed Special Administrator, concluding that Sherrill "is not an interested person of the estate and has not established a basis for appointment of a special administrator."

On November 29, 2010, the Probate Court entered an order denying Sherrill's Request to be Appointed Special Administrator. On November 30, 2010, the Probate Court entered an order granting Zanakis-Pico's Petition for Adjudication of Intestacy, as well as a "Judgment Pursuant to Order Granting Petition for Adjudication of Intestacy and Appointment of Personal Representative" (Intestacy Judgment). The Intestacy Judgment, among other things, entered judgment: (1) determining that Decedent died intestate; (2) determining that Decedent's heirs were Zanakis-Pico and Decedent's six children; and (3) appointing Zanakis-Pico as personal representative of Decedent's estate.

On December 29, 2010, Sherrill filed a motion, pursuant to Hawai'i Probate Rules (HPR) Rule 36(b)(6) (2006), requesting relief from the order denying her request to be appointed special administrator and seeking a new hearing. The Probate Court filed the motion pursuant to its "no bounce rule," but did not assign a hearing date because Sherrill did not submit an order setting date, time, and place of hearing in compliance with the HPR. The Probate Court subsequently entered an order denying Sherrill's motion.

Sherrill also submitted an "Ex Parte Motion to Change Judge" which asserted that "there are apparently other justices that will allow petitioner a telephonic hearing procedure" and

3

that "the current judge is not the appointed probate judge." The ex parte motion was stamped "Denied" and filed on January 11, 2011.

On February 10, 2011, Zanakis-Pico filed a "Petition for Authority for Compromise Settlement of Claim" (Petition for Authority to Settle Claim), seeking authority to settle a medical tort claim, which apparently involved a claim of medical malpractice arising out of Decedent's death. The Petition for Authority to Settle Claim asked the Probate Court to approve a settlement offer, under which the "surviving family members shall receive a confidential settlement amount[,]" and to authorize Zanakis-Pico to execute any documents necessary to effectuate the settlement. On March 18, 2011, Sherrill's three adult daughters (Daughters), through their attorneys James C. McWhinnie and Matthew T. Evans, filed an objection to the Petition for Authority to Settle Claim. In their objection, Daughters asserted that "none of the Daughters has ever received written confirmation of the settlement offer; nor have they been given an opportunity to review the actual and complete terms of said offer."

On March 29, 2011, Zanakis-Pico filed a response to Daughters' objection, which asserted that: (1) "[s]ubsequent to her appointment as the Personal Representative, [Zanakis-Pico] found a Will executed by [D]ecedent dated August 21, 1997"; (2) the Will "specifically excludes the Daughters as heirs of [D]ecedent's estate"; (3) the Will "is or will be admitted to probate"; (4) the terms of the proposed confidential settlement for the medical tort claim has been provided to counsel for Daughters; and (5) even though the "Will specifically excludes the Daughters from any share of the estate," Zanakis-Pico "has voluntarily agreed to give a portion of her recovery to the Daughters[.]"

II.    Probate Proceedings

A.

On March 30, 2011, Zanakis-Pico filed a "Petition for Probate of Will and Appointment of Personal Representative" (Petition for Probate).  In the Petition for Probate, Zanakis-Pico asserted that. "[t]he Will was recently found by [Zanakis-Pico]"; that "[Zanakis-Pico] believes the Will to have been validly executed"; and that Zanakis-Pico believes that the Will is "Decedent's Last Will."  The will, which was submitted with the Petition for Probate, states that "[t]he failure of this Will to provide for any distribution to my daughters . . . other than as residuary beneficiaries upon failure of my sons . . . or their children to survive me is intentional and is due to the fact that my daughters are provided for by their mother."  The Petition for Probate sought: (1) a determination that Decedent is dead and that the will dated August 21, 1997, is valid and unrevoked; and (2) appointment of Zanakis-Pico to serve as personal representative.

On April 18, 2011, the Probate Court filed a document submitted by Sherrill entitled "[Sherrill's] Claims and Three Daughter's as Beneficiaries," in which Sherrill pleaded "her claims to the estate of [Decedent]" and also asserted "the rights of [Daughters] as the [D]ecedent's heirs and beneficiaries." Sherrill asserted that she was entitled to approximately $325,000.00 plus interest pursuant to an "Agreement" signed by Decedent dated February 2, 1993, which formed the basis of a "Stipulation and Order" entered on June 18, 1993, by the Arizona Superior Court, regarding child support and other payment obligations owed by Decedent.  Sherrill also alleged that Decedent entered into another agreement written in 1997 that promised to pay her $8,000 plus interest through the clerk of the Arizona court.  Sherrill attached exhibits, which included copies of the two agreements and the Stipulation and Order, to her pleading.  In addition, Sherrill asserted that Decedent owed her for losses she sustained as a result of his failure to marry her

5

and the burdens placed on her in raising Daughters. With respect to the claims of her Daughters, Sherrill asserted that Decedent had agreed to carry life insurance of $180,000 for the benefit of Daughters and that Daughters were "entitled to a fifty percent sharing of his estate according to Probate law."

On May 9, 2011, Sherrill filed an objection to the filing of the will submitted by Zanakis-Pico. In her pleading, Sherrill questioned the validity of the "supposed will" based, among other things, on the belated discovery of the will; an alleged motive to prevent Daughters from sharing in the recovery from the medical tort/wrongful death claim; and Decedent's love of his Daughters and expressions of intent to care for them, which were inconsistent with the will's purported disinheriting of Daughters. On May 12, 2011, a hearing was held on Zanakis-Pico's Petition for Probate. At the hearing, Zanakis-Pico's counsel informed the Probate Court that Zanakis-Piko had received Sherrill's objection, that at a prior proceeding, the Probate Court had determined that Sherrill was not an interested party, and that it was counsel's understanding that Sherrill had not submitted "any factual evidence to dispute the validity of the will." Sherrill was not present at the hearing. The Probate Court orally granted the Petition for Probate.

On June 27, 2011, the Probate Court entered an "Order of Formal Probate of Will, Determination of Testacy and Heirs, and Appointment of Personal Representative" (Order of Formal Probate of Will), which (1) determined that Decedent died testate; (2) determined that the will dated August 21, 1997, was the last will and testament of Decedent; (3) determined Decedent's heirs and devisees; (4) admitted the will to probate as Decedent's last will and testament; and (5) appointed Zanakis-Pico as personal representative of Decedent's estate. On the same date, the Probate Court entered a Judgment pursuant to its Order of Formal Probate of Will (Probate Judgment).

With respect to Zanakis-Piko's Petition for Authority to Settle Claim, regarding the medical tort claim pertaining to

6

Decedent, the Probate Court held hearings on March 31, 2011, and May 5, 2011, at which Daughters were represented by their counsel. On June 8, 2011, the Probate Court entered orders which collectively granted the Petition for Authority to Settle Claim, and it also entered final Judgments pursuant to such orders. The Probate Court ordered that "[b]y agreement, the settlement distribution shall be as stated in the Amended Settlement Terms, which will be filed with this Court, under seal."

B.

On September 21, 2011, the Probate Court filed a document submitted by Sherrill entitled "Request for Hearing Re: Petitioner's Claims, Daughter's as Beneficiary's, Objection to Filing of Will, and Notification of an Interest in Decedent's Mother's Current Estate" (Request for Hearing), which was dated July 9, 2011. In her Request for Hearing, Sherrill: (1) requested a hearing "to pursue her claims and her daughter's rights as beneficiaries of this estate as already filed with the court," which she asserted had been served on the personal representative's counsel, who "has failed to respond"; (2) re-asserted her claim that the will submitted by Zanakis-Pico was invalid; and (3) gave notice of an interest of Decedent's estate in Decedent's mother's current estate.

On September 21, 2011, the Probate Court filed an Order denying Sherrill's Request for Hearing (Order Denying Request for Hearing). In that Order, the Probate Court noted that the Request for Hearing had been "received by the Small Estates branch of the Circuit Court of the First Circuit on July 15, 2011 and forwarded to the Twenty-Third Division" and was filed on September 21, 2011. The Probate Court provided the following explanation for its denial of the Request for Hearing.

> The Court having reviewed the [Request for Hearing] and record in this matter, finds that the issues raised in the [Request for Hearing] were previously addressed by the Court at the May 12, 2011 hearing on the [Petition for Probate]. Ms. Sherrill's written objection to that Petition was filed and received on May 9, 2011. After review of the record, the Court, over Ms. Sherrill's written objection, granted the Petition, admitted the foregoing Will to

7

> probate, and appointed Mary Zanakis-Pico as personal
> representative. The Court having ruled at the May 12, 2010
> hearing, and an Order and Judgment filed on June 27, 2011,
> Ms. Sherrill's request for a hearing in the instant [Request
> for Hearing] is *res judicata*.

> Wherefore, the [Request for Hearing] is denied.

On the same date, based on its Order Denying Request for Hearing, the Probate Court filed a Judgment on the Order Denying Request for Hearing.

C.

On October 21, 2011, the Probate Court filed Sherrill's Notice of Appeal from the Order Denying Request for Hearing. On that same date, the Probate Court filed a document submitted by Sherrill entitled "Request to Allow [Sherrill's] Claim Served to Counsel March 23, 2011, and Hearing." In that pleading, Sherrill requested that the Probate Court allow the claim that the Probate Court filed on April 18, 2011 -- an apparent reference to Sherrill's pleading entitled "[Sherrill's] Claims and Three Daughter's as Beneficiaries," which was filed on April 18, 2011. Attached to Sherrill's October 21, 2011, pleading was a copy of a letter from counsel for Zanakis-Pico dated August 29, 2011, informing Sherrill that the personal representative had rejected this claim. The letter stated:

> This is to inform you that the personal representative
> has rejected your claim titled "Petitioner's Claims and
> Three Daughter's as Beneficiaries" dated March 5, 2011 and
> received August 22, 2011. Pursuant to [Hawaii Revised
> Statutes (HRS)] §560:3-806, a copy of which is enclosed, you
> have sixty (60) days from the date of this notice to file an
> action in Court for allowance or be forever barred.

On April 26, 2012, the Probate Court held a hearing on (1) Sherrill's "Request to Allow [Sherrill's] Claim Served to Counsel March 23, 2011, and Hearing" and (2) an Amended Petition filed by Sherrill (collectively, "Post-Appeal Pleadings"). The Probate Court determined that to the extent that Sherrill was raising a creditors' claim, "based on the totality of the record, the Court finds that there is no credible evidence of a valid claim against the state [sic]." On July 2, 2012, the Probate

8

Court filed its order denying Sherrill's Post-Appeal Pleadings, which stated:

1.  Although the instant [Post-Appeal Pleadings] may be related to [Sherrill's] appeal of the judgment entered on September 21, 2011, the instant [Post-Appeal Pleadings] may assert claims against the estate that have not been previously addressed by this Court.

2.  The Court finds no credible evidence that the instant [Post-Appeal Pleadings] state any valid creditor or any other claims against the estate.

On July 2, 2012, the Probate Court entered a Judgment (July 2, 2012, Judgment) pursuant to its order denying the Post-Appeal Pleadings and HPR Rule 34(a) (2006), and it certified the July 2, 2012, Judgment for appeal in the manner provided by Hawai'i Rules of Civil Procedure (HRCP) Rule 54(b) (2000). On July 27, 2012, Sherrill filed a notice of appeal from the July 2, 2012, Judgment in a separate appeal, Appeal No. CAAP-12-0000676.[2/]

DISCUSSION

In this appeal, Sherrill contends that: (1) Judge Derrick H.M. Chan (Judge Chan) erred by failing to recuse himself; (2) the Probate Court erred by failing to continue the November 4, 2010, hearing on Zanakis-Pico's Petition for Adjudication of Intestacy and Sherrill's Request to be Appointed Special Administrator and by failing to grant Sherrill a new hearing on these matters; (3) the Probate Court erred by accepting the will submitted by Zanakis-Pico as Decedent's last will and testament; and (4) the Probate Court erred in issuing its Order Denying Request for Hearing.

I.

At the outset, we note that our review of Sherrill's appeal is limited to addressing appealable issues arising out of

---

[2/] The references in this paragraph are based on the appellate record in Appeal No. CAAP-12-0000676, of which we take judicial notice. See Kaleikini v. Thielen, 124 Hawai'i 1, 5, 237 P.3d 1067, 1071 (2010) (taking judicial notice of a separate, but closely related appeal). This court ultimately dismissed Appeal No. CAAP-12-0000676 due to Sherrill's failure to timely pay the appellate filing fee, and the Hawai'i Supreme Court rejected Sherrill's application for certiorari.

the Order Denying Request for Hearing that Sherrill has standing to raise.

Sherrill raises arguments that the Probate Court's rulings violated her Daughters' rights as beneficiaries of Decedent's estate. However, Sherrill lacks standing and the authority to assert claims on behalf of her adult Daughters. Sherrill is not a lawyer and therefore is not authorized to represent her Daughters' interests on appeal. See Oahu Plumbing & Sheet Metal, Ltd. v. Kona Constr., Inc., 60 Haw. 372, 376-77, 590 P.2d 570, 573-74 (1979) (holding that while persons may appear *pro se* on their own behalf, they may not act as "attorneys" and represent others); see also HRS § 605-2 (1993) (prohibiting the unauthorized practice of law).[3/]

Second, having never been married to Decedent and receiving no mention in his will, Sherrill lacks standing to raise any claim as an heir or devisee. See Kaho'ohanohano v. State, 114 Hawai'i 302, 318, 162 P.3d 696, 712 (2007) ("[T]he crucial inquiry with regard to standing is whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his or her invocation of the court's jurisdiction and to justify exercise of the court's remedial powers on his or her behalf." (internal quotation marks, citation, and emphasis omitted)). Sherrill's standing is limited to asserting claims that are based on her interests as an alleged creditor of Decedent's estate.

Third, Sherrill is only appealing from the Order Denying Request for Hearing. Her appeal is therefore limited to appealable issues arising out of this Order.

Accordingly, we limit our consideration of Sherrill's arguments on appeal to those affecting her interest as a creditor

---

[3/] Sherrill's Daughters were all adults at the time of the proceedings in the Probate Court and were represented by counsel for certain aspects of the probate proceedings. Daughters did not appeal from the Probate Court's rulings.

that raise appealable issues arising out of the Probate Court's Order Denying Request for Hearing.

## II.

We reject Sherrill's contention that Judge Chan erred by failing to recuse himself.  In support of her contention, Sherrill argues that Judge Chan was required to recuse or remove himself from the case based on HRS § 601-7 (1993 & Supp. 2004).  However, Sherrill misrepresents the text of HRS § 601-7, which she purports to quote in her opening brief.  Contrary to Sherrill's purported quotation, HRS § 601-7(b) does not require that a separate judge hear a motion to disqualify, and HRS § 601-7 does not have a subsection (c).

Sherrill failed to comply with the requirements of HRS § 601-7 because her requests for a new judge did not include the required affidavit asserting that the judge has a personal bias or prejudice and facts and reasons supporting that assertion.  Moreover, Sherrill's basis for seeking a new judge was because Judge Chan had denied her request for a telephonic hearing.  However, "[b]ias cannot be premised on adverse rulings alone." Arquette v. State, 128 Hawai'i 423, 448, 290 P.3d 493, 518 (2012).  Our review of the record reveals no basis to support a claim that Judge Chan had a personal bias or prejudice against Sherrill, and we hold that Judge Chan properly declined to recuse himself from the case.

## III.

### A.

"[F]or purposes of appeal, probate cases are bifurcated into two . . . separately appealable parts.  The first part is the order of formal probate of will or an order of intestacy entered in a formal testacy proceeding.  The second part includes the other orders, the last of which is usually the order approving final accounts."  Labayog v. Labayog, 83 Hawai'i 412, 422, 927 P.2d 420, 430 (App. 1996).

On June 27, 2011, the Probate Court filed the Probate Judgment, which admitted the will submitted by Zanakis-Piko as

11

Decedent's last will and testament and appointed Zanakis-Piko as the personal representative of the estate. No appeal was filed from the Probate Judgment. On September 21, 2011, Sherrill's Request for Hearing was filed, which challenged the validity of the will, but also sought a hearing on Sherrill's claims as an alleged creditor of the estate. We construe the portion of Sherrill's Request for Hearing that challenged the validity of the will as a post-judgment petition under HPR Rule 36(b) (2006) seeking relief from the Probate Judgment. The Order Denying Request for Hearing was an appealable final post-judgment order to the extent that it denied Sherrill's request for relief from the Probate Judgment. However, the Probate Judgment did not resolve Sherrill's creditors' claims. Neither did the Order Denying Request for Hearing. Therefore, the Order Denying Request for Hearing was a non-appealable interlocutory order to the extent that it denied Sherrill's request for a hearing on her creditors' claims.[4/]

B.

With respect to Sherrill's appeal from the portion of the Order Denying Request for Hearing that rejected her challenge to the validity of the will and denied her request for relief from the Probate Judgment, we affirm the Probate Court. As noted, Sherrill only has standing as an alleged creditor of the estate. In her appeal, she provides no valid basis as a creditor to challenge under HPR Rule 36(b) the Probate Judgment entered by the Probate Court.

---

[4/] We note that Sherrill appealed from both the Probate Court's Order Denying Request for Hearing and the Judgment on the Order Denying Request for Hearing. To the extent that the Order Denying Request for Hearing denied Sherrill's request for relief from the Probate Judgment, it was an appealable final post-judgment order, and the entry of the Judgment on the Order Denying Request for Hearing was not necessary for an appeal. To the extent that the Order Denying Request for Hearing denied Sherrill's request for a hearing on her creditors' claims, it was a non-appealable interlocutory order that was not made appealable by the entry of the Judgment on the Order Denying Request for Hearing.

With respect to Sherrill's appeal from the portion of the Order Denying Request for Hearing that denied her request for a hearing on her creditors' claims, we conclude that we lack appellate jurisdiction over this interlocutory ruling. The Order Denying Request for a Hearing did not finally resolve the merits of Sherrill's creditors' claims, and the Probate Court did not certify its order denying Sherrill's request for a hearing on her creditors' claims for appeal as an appealable interlocutory order or in the manner provided by HRCP Rule 54(b). See HPR Rule 34(a) and (b).

Moreover, Sherrill's claim that the Probate Court erred in denying her request for a hearing on her creditors' claims has been rendered moot by the Probate Court's subsequent decision to hold a hearing on her creditors' claims. It appears that the Probate Court viewed Sherrill's Request for a Hearing as only challenging the Probate Judgment and did not realize that it also included a request for a hearing on Sherrill's creditors' claims. Thus, the Probate Court did not focus on Sherrill's request for a hearing on her creditors' claims when it denied her Request for Hearing, and instead only focused on her challenge to the Probate Judgment. However, after Sherrill filed her "Request to Allow [Sherrill's] Claim Served to Counsel March 23, 2011, and Hearing," the Probate Court apparently realized that Sherrill sought to assert creditors' claims. The Probate Court subsequently held a hearing on Sherrill's creditors' claims and denied them on the merits. Sherrill then filed an appeal from the July 2, 2012, Judgment, which denied her creditors' claims, in Appeal No. CAAP-12-0000676. Under these circumstances, we conclude that Sherrill's claim that the Probate Court erred in denying her request for a hearing on her creditors' claims is moot.

13

CONCLUSION

For the foregoing reasons, we affirm the Order Denying Request for Hearing to the extent that it denied Sherrill's request for relief from the Probate Judgment.

DATED: Honolulu, Hawaiʻi, December 5, 2014.

On the briefs:

Barbara E. Sherrill
Petitioner-Appellant
Pro Se

Randall M.L. Yee
Law Office of Randall M.L. Yee
for Respondent-Appellee

Chief Judge

Associate Judge

Associate Judge

14